Milan **CIPCIC,** Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Consolidation Coal Company), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 21, 1997.

Decided April 30, 1997.

***

John W. McIlvaine, Washington, for petitioner.

Daniel J. Iler, Washington, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Milan Cipcic (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board)[1] reversing a decision of a Workers' Compensation Judge (WCJ) to award Claimant workers' compensation benefits. We affirm.

Claimant filed a claim petition on March 4, 1993 alleging an occupational disease (coal workers' pneumoconiosis). Four years earlier, on January 3, 1989, Claimant had retired after forty years of employment as a coal miner. Claimant's last employer, for a period of twenty-five years, was Consolidation Coal Company (Employer). Following his retirement, Claimant experienced shortness of breath and was examined by Macy Levine, M.D. on February 9, 1993. Dr. Levine diagnosed Claimant as having coal workers' pneumoconiosis caused by Claimant's many years of working in and around coal mines. Dr. Levine further opined that Claimant is totally and permanently disabled from this condition. Claimant was also examined by Employer's physician, Gregory Fino, M.D. Dr. Fino also diagnosed Claimant as having coal workers' pneumoconiosis, but opined that Claimant was able to perform his last job with Employer that required sustained heavy labor. Claimant was sixty-five years old when he was examined by Drs. Levine and Fino.

The matter was heard before a WCJ who found that Claimant was totally and permanently disabled because of coal workers' pneumoconiosis, based upon the testimony of Dr. Levine who was found to be more credible than Dr. Fino. Accordingly, the WCJ awarded Claimant benefits commencing February 9, 1993, the date of Dr. Levine's examination. Employer appealed.

The Board reversed, finding as a matter of law that Claimant did not prove an entitlement to benefits under the Act because his

---

1. The Act of June 24, 1996, P.L. ——, amended Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27, by renaming the Workmen's Compensation Appeal Board, as the Workers' Compensation Appeal Board, effective August 23, 1996.

lack of earning capacity resulted from his retirement rather than an occupational disease. In so finding, the Board noted the following admissions by Claimant in the record:

> In the present case Claimant testified that when he retired he made no indication to [Employer] that he had any shortness of breath. ( [N.T.], 5/3/93, pg. 9). Claimant's only medical treatment after he retired was with his family doctor for a cold or flu. ( [*Id.*], pg. 10). Claimant saw the doctor that testified for this claim [Dr. Levine] only once and not for treatment.

Board's Opinion, April 4, 1995, p. 2.[2] The Board further noted that this case was controlled by *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994), which, according to the Board,

> stands for the proposition that if a Claimant elects to retire after a long period of service and no indication had been given at the time of retirement that Claimant was unable to work because of physical problems[,] an after[-]filed claim for an alleged occupational disease disability is not appropriate.

Board's Opinion, April 4, 1995, p. 2.

The Board granted Claimant's request for reconsideration, but then reaffirmed its previous decision. This appeal followed, wherein Claimant raises several issues that can be summarized as (1) the Board erred by considering an issue not raised by Employer before the WCJ (*i.e.*, Claimant's voluntary retirement as a factor precluding a finding of disability); (2) the Board erred by retroactively applying *Republic Steel* (decided in April 22, 1994) to Claimant's case, which was heard in 1993 and early 1994, when the issue of retirement had not been preserved by Employer; and (3) the Board erred by usurping the WCJ's fact-finding role.

■ This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or

whether constitutional rights were violated. *Columbo v. Workmen's Compensation Appeal Board (Hofmann Industries, Inc.)*, 162 Pa.Cmwlth. 307, 638 A.2d 477 (1994). This is also the scope of review that is to be applied by the Board to the WCJ's decision. *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Postlethwait)*, 167 Pa. Cmwlth. 544, 648 A.2d 1266 (1994), *petition for allowance of appeal denied*, 540 Pa. 585, 655 A.2d 516 (1995).

■ The Board made no error in this case. "It is well-settled that changes in decisional law which occur during litigation will be applied to cases pending on appeal." *M & D Auto Body v. Workmen's Compensation Appeal Board (John Pallott)*, 143 Pa. Cmwlth. 346, 599 A.2d 1016, 1020 (1991), *petition for allowance of appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992). Further, where "decisional law relies on a statutory interpretation which was not wholly without precedent, such decisions are treated as relating back to the original statute because they are nothing more than interpretations of existing legislation." *Id.*, n. 5. *Republic Steel* addressed the issue of whether benefits are available to a claimant under the provisions of the Act where a work-related disability has no effect upon earning power. This issue bore directly upon Claimant's burden of proving his eligibility for benefits. Therefore, the Board did not err by applying the Supreme Court's interpretation of the Act in *Republic Steel* to the facts of this case, notwithstanding that *Republic Steel* was decided after the close of the record before the WCJ. Further, because *Republic Steel* was also decided after the date of the WCJ's decision, Employer could not have raised the law that case established before the WCJ. As noted by this Court, *Republic Steel* modified case law previously decided by this Court. *Konitsky v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 656 A.2d 604 (Pa.Cmwlth.1995).

In *Republic Steel*, the Supreme Court held that where a claimant voluntarily retired with no intention of re-entering the work

---

2. Claimant testified that he saw Dr. Levine at the request of his attorney and that he had no plans

of returning for treatment. N.T. at 11.

force, he would suffer no loss of earning power as a result of his occupational disease, and thus an award of benefits would not be warranted. The Court drew a distinction between a claimant who voluntarily retires and one who is forced into retirement because of his or her disability; in the latter case, retirement would not bar a claim for benefits under the Act. *See also Konitsky.*

██ In the present case, Claimant argues that the Board overstepped its authority by finding that Claimant voluntarily retired when the WCJ made no finding on the issue of retirement. Claimant's own testimony, however, establishes without doubt that Claimant was not forced into retirement because of his occupational disease. This testimony clearly supports a finding that Claimant voluntarily retired after forty years as a coal miner at the age of sixty-one to the day.[3] *See* N.T. at 8–11. A contrary finding could not be supported by the record. Therefore, Claimant's argument that the Board erred by concluding that Claimant voluntarily retired is without merit.

██ Accordingly, the Board in this case correctly fulfilled its appellate function by reviewing the entire record and applying current Supreme Court case law to the uncontested testimony of Claimant himself. The Board also correctly concluded that Claimant failed to prove his entitlement to benefits under the Act because his loss of earning power was unrelated to his disease. The Board's order is therefore affirmed.

### ORDER

AND NOW, this 30th day of April, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**3.** Claimant was born on January 3, 1928 and retired on January 3, 1989.