**PENNSYLVANIA STATE POLICE, Petitioner**

v.

**Michael S. PECORA, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2004.
Decided Dec. 6, 2004.

Daniel R.L. McGuire, Harrisburg, for petitioner.

Anthony J. Lucadamo, Hazleton, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Pennsylvania State Police (State Police) petitions for review of an August 6, 2003 adjudication of an administrative agency law judge (AALJ) with the Office of Attorney General. The AALJ upheld the appeal of Michael S. Pecora from the denial by the State Police of a unique approval number to permit processing of Pecora's application for renewal of his license to carry a firearm based upon a check of the Pennsylvania Instant Check System (PICS) and directed the State Police to take remedial action with regard to his criminal history record. The State Police questions whether the AALJ's order constitutes an error of law that must be reversed by this Court and, alternatively, whether the Court should summarily remand the present appeal to the AALJ in view of the Supreme Court's ruling in *Pennsylvania State Police v. Paulshock,* 575 Pa. 378, 836 A.2d 110 (2003), which was filed November 30, 2003.

In 1977 Pecora pleaded nolo contendere to three counts of violation of 26 U.S.C. § 7201, relating to attempt to evade or defeat income tax, which offense carries a maximum possible five-year term of imprisonment. That conviction later triggered a federal firearms disability pursuant to Section 922(g)(1) of the Gun Control Act of 1968 (Federal Act), 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess in or affecting interstate or foreign commerce any firearm or ammunition or to receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.

In 1996 Pecora applied to the Luzerne County Sheriff for a renewal of his license to carry a firearm concealed on or about his person or in any vehicle pursuant to Section 6109 of the Pennsylvania Uniform Firearms Act of 1995 (State Act), *as amended,* 18 Pa.C.S. § 6109. The Sheriff denied the application based upon the federal conviction, and Pecora appealed to the Court of Common Pleas of Luzerne County (trial court). After oral argument, the trial court upheld the denial. On Pecora's further appeal, this Court determined that a sufficient record to permit appellate review had not been created, and the Court remanded for development of a record. After a hearing in April 1998 the trial court issued a decision on May 4, 1998 determining that Pecora's crime fell within an exception in Section 6102 of the State Act, *as amended,* 18 Pa.C.S. § 6102, which provides that "[c]rime punishable by imprisonment exceeding one year" does not include "Federal or State offenses pertaining to antitrust, unfair trade practices, restraints on trade or regulation of business." The trial court ordered the Sheriff to issue Pecora a license to carry a firearm

provided he met the criteria set forth in the State Act.[1]

■ The State Police brought PICS on line on July 1, 1998, and it began conducting background checks and issuing unique approval numbers for purposes of firearms transfers and license applications.[2] Pecora filed a license renewal application with the Sheriff on January 25, 2002. The State Police refused to issue a unique approval number to process the application based upon the 1977 conviction, and Pecora filed a challenge in accordance with Section 6111.1(e) of the State Act, *as amended,* 18 Pa.C.S. § 6111.1(e).[3] The AALJ, citing the trial court's decision of May 4, 1998, issued the order of August 6, 2003 noted above. The State Police notes that when the AALJ filed his opinion with this Court

on or about January 20, 2004, he stated that in light of *Paulshock,* his original decision was reversed. The State Police recognized that the AALJ lacked jurisdiction at that time to reverse his previous ruling, and it filed a motion for this Court to summarily remand the case for reconsideration. The Court directed the motion for remand to be decided together with the merits of the case.[4]

■ In *Paulshock* the Supreme Court addressed the relation of the State Act and the Federal Act in two consolidated cases. In both cases men with convictions from the 1960s filed petitions in common pleas courts pursuant to Section 6105(d) of the State Act seeking relief from the state firearms disability so that they could purchase guns. The trial courts issued orders

---

1. The State Police points out that the record in this case includes a transcript of a hearing on April 2, 1999 in a proceeding in which Pecora unsuccessfully petitioned the United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms for relief pursuant to Section 925 of the Federal Act, 18 U.S.C. § 925, from the federal firearm disability.

2. As the State Police points out, pursuant to Section 6109(d) of the State Act the sheriff to whom an application for a license to carry a firearm is made shall investigate enumerated matters and "shall conduct a criminal background, juvenile delinquency or mental health check following the procedures set forth in section 6111 (relating to firearm ownership)." Section 6111(b), *as amended,* 18 Pa.C.S. § 6111(b), provides in general that no seller shall sell or deliver a firearm to another person until the seller has, among other things, "(3) [r]equested by means of a telephone call that the Pennsylvania State Police conduct a criminal history, juvenile delinquency history and a mental health record check," and (4) "[r]eceived a unique approval number for that inquiry from the Pennsylvania State Police and recorded the date and the number on the application/record of sale form." Thus a unique approval number is required in license to carry cases. *See Pennsylvania State Police v. McPherson,* 831 A.2d 800 (Pa.Cmwlth.2003) (holding that under amendments to Section

6111 and the adoption of Section 6111.1, 18 Pa.C.S. § 6111.1, the State Police now has authority and duty to investigate the criminal background of a license applicant and to report the presence of a federal gun disability).

3. Section 6111.1(e) provides that a person denied the right to sell, transfer, possess, "carry," manufacture or purchase a firearm as a result of the procedures established by that section may challenge the accuracy of that person's criminal history, juvenile delinquency history or mental health record pursuant to an instantaneous records check in accordance with procedures established by the State Police; the decision resulting from such challenge may be appealed to the Attorney General within thirty days and the decision of the Attorney General may be appealed to this Court.

4. The Court's review of an order of an AALJ of the Office of Attorney General involving an application for firearms rights under the Act is limited to a determination of whether necessary findings of fact are supported by substantial evidence in the record, whether an error of law was committed or whether constitutional rights were violated. *Bellum v. Pennsylvania State Police,* 762 A.2d 1145 (Pa. Cmwlth.2000).

stating that they were relieved of disability, but, when they attempted to purchase, records checks showed the convictions, and the State Police determined that they were disabled from purchasing under Section 922(g) of the Federal Act. In each case an AALJ concluded that the common pleas court order relieved firearm disability, and this Court affirmed on the consolidated appeals.

The Supreme Court noted that even in regard to one common pleas court order that purported to expunge the criminal history record for purposes of purchasing firearms, the expungement was issued in the context of a proceeding under Section 6105(d) of the State Act, not under Section 9122 of the Criminal History Record Information Act, *as amended,* 18 Pa.C.S. § 9122, which specifically applies to expungement. Therefore, the conviction had not been "expunged" pursuant to Section 922(g) of the Federal Act, which would have removed it from the definition of a federally disqualifying conviction. The plain language of Section 6105(d) of the State Act was that a person might make application to the court of common pleas "for relief from the disability imposed by this section upon the possession, transfer or control of a firearm." Hence, the only relief that could be given pursuant to a petition under Section 6105(d) was from the firearm disability imposed by Section 6105(a).

Section 6105(d)(3) of the State Act provides that for certain convictions or conduct enumerated in other subsections, "relief from the disability imposed by this section" may be granted if, among other things, the Secretary of the Treasury of the United States has relieved the applicant of a federal firearms disability, which condition may be waived if the court determines that Congress had not appropriated sufficient funds to enable such relief. The

Supreme Court rejected an argument that a trial court could relieve a federal firearms disability pursuant to this provision. It emphatically stated that Section 6105(d)(3)(i) did not grant the common pleas court the power to relieve a federal firearms disability, and it rejected an assertion that such a ruling rendered Section 6105(d) meaningless because relief from the state disability was useless where the federal disability still existed. The court stated that since the state disability was lifted the applicants were one step closer to having a full state and federal removal of firearms disability, and it reversed the order of this Court and held that the appellees remained firearm disabled under the Federal Act.

Pa. R.A.P. 1532(b) provides as follows: "**(b) Summary relief.** At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." As Pecora correctly notes in his response to the motion of the State Police, the purpose of Rule 1532(b) is to permit entry of judgment if the right of the applicant is clear; a request for remand is not authorized by this rule. It is well settled, however, that changes in decisional law that occur during litigation will be applied to cases pending on appeal and that decisional law relying on a statutory interpretation that was not wholly without precedent will be treated as relating back to the original statute, because such decisions are nothing more than interpretations of existing legislation. *Cipcic v. Workmen's Compensation Appeal Board (Consolidation Coal Co.),* 693 A.2d 1009 (Pa.Cmwlth.1997). Thus if *Paulshock* applies to this matter, it may be applied by this Court at this time.

Pecora argues that *Paulshock* does not control this case and that it is distinguishable. He contends that this case does not

involve a common pleas court order relieving disability under Section 6105 or Section 6123 of the State Act, *as amended,* 18 Pa.C.S. § 6123 (relating to waiver of disability from federal authorities as provided in 18 U.S.C. § 925 or full pardon by the Governor or overturning of a conviction). As for his seeking a renewal of a license to carry a firearm under Section 6109, he compares this to the Supreme Court's reference in *Paulshock* to an applicant's being "one step closer" to a full restoration of rights by virtue of the holding that the common pleas court order relieved him of state disability under Section 6105 but not other provisions. Pecora further suggests that his May 1998 order from the trial court on review of his license denial, which was pursuant to Section 6114, *as amended,* 18 Pa.C.S. § 6114, did not deal with Section 6105 or attempt to affect any disability imposed by the federal statute.

The Court rejects Pecora's reasoning on several grounds. First, despite the different sections involved, the underlying holding of *Paulshock* is that a state order may not relieve a federal firearm disability unless the matter is specifically provided for in the State Act. Pecora admits that he remains subject to a federal disability against possessing, owning or purchasing a firearm.[5] Pecora's argument that *Paulshock* does not apply because it dealt with Section 6105 relating to possession, use, manufacture, control, sale or transfer firearms, whereas this action concerns the Section 6109 license to carry a concealed firearm, assumes that the statutory scheme in Pennsylvania is such that a person may be under an affirmative disability against possessing or controlling firearms and yet be entitled to the issuance of a license to carry a firearm concealed on or about his person or in a vehicle. A proper interpretation of the relevant statutes does not lead to such an absurd result. Section 6105 includes the following relevant provisions:

> **(g) Other restrictions.**—Nothing in this section shall exempt a person from a disability in relation to the possession or control of a firearm which is imposed as a condition of probation or parole or which is imposed pursuant to the provision of any law other than this section.

> **(h) License prohibition.**—Any person who is prohibited from possessing, using, controlling, selling, purchasing, transferring or manufacturing any firearm under this section shall not be eligible for or permitted to obtain a license to carry a firearm under section 6109 (relating to licenses).

Thus subsection (g) specifically incorporates disabilities pursuant to any other law and expressly disavows any exemption under Section 6105, and subsection (h) prohibits a person who is prohibited from possessing, using and so forth from obtaining a license to carry a firearm. In addition, Section 6109(e) provides in paragraph (1) that a license shall not be issued to: "(xiii) An individual who is otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by section 6105." Pecora complains that before the hearing in front of the AALJ the State Police cited only Section 6109(e)(1)(viii) relating to "[a]n individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for

---

**5.** The State Police included some materials from Pecora's unsuccessful efforts to secure relief from federal disability in the record, and Pecora attached as an exhibit to his brief a memorandum opinion by the Untied States Court of Appeals for the Third Circuit affirming the denial by the district court of Pecora's request for restoration of his firearms privileges.

in section 6123 (relating to waiver of disability or pardons)," not Section 6109(e)(1)(xiii). The Court, however, does not regard a requirement that a person be aware of the existing prohibitions against his possession as a matter of unfair surprise.

The ultimate result of *Paulshock* was that the applicants remained subject to a firearms disability under the Federal Act. In the present case there is no question that Pecora remains subject to a firearms disability under the Federal Act. As the State Police emphasizes, the fundamental object of all statutory interpretation is to ascertain and to effectuate the intent of the General Assembly. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), *North Lebanon Township v. Workers' Compensation Appeal Board (Harbaugh)*, 829 A.2d 394 (Pa. Cmwlth.2003). Especially in view of the Supreme Court's interpretation of the Act in *Paulshock*, the Court is convinced that the General Assembly did not intend that a person subject to a disability against possessing a firearm be entitled to the issuance of a license to carry a concealed firearm. The AALJ's original order upholding Pecora's appeal and directing the State Police to revise Pecora's criminal record history information is reversed. In view of the foregoing, the motion of the State Police to remand this matter is denied.

### ORDER

AND NOW, this 6th day of December, 2004, the order of the Administrative Agency Law Judge of the Office of Attorney General is reversed, and the denial by the Pennsylvania State Police of the issuance of a unique approval number in connection with the application of Michael S. Pecora to the Sheriff of Luzerne County for renewal of a license to carry a firearm is affirmed. The Court denies the motion to remand filed by the Pennsylvania State Police.