IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,         :
                Petitioner     :
                                    :
          v.                  :
                                    :
Workers' Compensation Appeal  :
Board (Bushta),             :   No. 2426 C.D. 2015
                Respondent   :   Submitted: July 29, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION BY
JUDGE COVEY                         FILED: October 26, 2016


Pennsylvania State Police (Employer) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 3, 2015 order reversing the Workers' Compensation Judge's (WCJ) decision approving the Stipulation of the Parties entered into between Joseph Bushta (Claimant) and Employer (Stipulation).  Employer presents two issues for this Court's review: (1) whether the Board erred by finding that the parties were not bound by their Stipulation because Claimant was not aware of case law which existed before the Stipulation's execution; and (2) whether the Board erred by reversing the WCJ's decision because it was contrary to the holding in *Stermel v. Workers' Compensation Appeal Board (City of Philadelphia),* 103 A.3d 876 (Pa. Cmwlth. 2014).  After review, we affirm.

On February 25, 2011, Claimant suffered a work-related injury in the course of his employment when his state vehicle was hit by a tractor-trailer.  On March 18, 2011, Employer issued a Notice of Compensation Payable (NCP) accepting compensable injuries described as cervical, thoracic and lumbar strains.

The NCP provided for $858.08 weekly indemnity benefits, but indicated that Claimant was receiving salary continuation under what is commonly referred to as the Heart and Lung Act.[1]

On January 21, 2014, Claimant entered into a Settlement and Indemnity Agreement and Release of All Claims (Settlement Agreement), wherein, Claimant and his spouse acknowledged receipt of $1,070,000.00 as a full compromise settlement of any and all claims they may have against Winston J. Whitney, U.S. Trailer Relocators, LLC, USTR Freight, LLC, Rental Trailers of Laredo, Property & Casualty Ins. Co. of Hartford, James C. Hilton, Greatwide Dedicated Transport, III, LLC, GE Business Financial Services, Inc., as well as any other person, corporation, insurer, association or partnership responsible for Claimant's February 25, 2011 injuries. Pursuant to the Settlement Agreement, $200,000.00 of the $1,070,000.00 third-party recovery was apportioned for Claimant's spouse's loss of consortium claim. The total amount attributed solely to Claimant was $870,000.00.

The Settlement Agreement reflected that Claimant "will reimburse any lien holder, known or unknown, for any liens as a result of the above incident." Reproduced Record (R.R.) at 43a. In signing the Settlement Agreement, Claimant acknowledged his understanding that he was "solely responsible for the payment of any . . . workers' compensation liens . . . incurred as a result of the accident." *Id.* Before executing the Settlement Agreement, Claimant had entered into a Contingent Fee Agreement with Powell Law in which it was agreed that Claimant's attorneys

---

[1] Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637-638. Section 1 of the Heart and Lung Act provides that a police officer, corrections officer, firefighter, or member of other enumerated professions, injured in the performance of his duties and temporarily incapacitated from performing his duties by that injury, shall be paid his full rate of salary until the incapacity has ceased, as well as "[a]ll medical and hospital bills, incurred in connection with any such injury." 53 P.S. § 637. Further, "any [WC benefits], received or collected by any such employe for such period, shall be turned over to the Commonwealth of Pennsylvania. . . ." *Id.*

would receive 33 1/3% of the recovery as their fee. The attorney's fee attributable solely to Claimant's recovery totaled $290,000.00. Further, Claimant and his spouse incurred $18,723.68 in litigation costs. On February 4, 2014, Employer filed a Petition for Review with the WC Office of Adjudication asserting a right of subrogation against the proceeds of Claimant's third-party recovery.

On November 19, 2014, Claimant and his counsel signed the Stipulation and Employer's counsel signed it on November 20, 2014. According to the Stipulation, Employer "[paid] Heart and Lung Act wage loss benefits beginning with a pay dated [sic] occurring on [March 3, 2011]." R.R. at 110a. It further provided that Claimant initially accepted his full salary in the amount of $1,417.20 per week (or $2,834.40 bi-weekly) as Heart and Lung Act benefits. However, these payments increased as Claimant obtained raises, until he started collecting his normal pay as of June 22, 2012. In total, Claimant was paid $94,166.64 in Heart and Lung Act wage loss benefits. The Stipulation also reflected that $56,873.13 in WC indemnity benefits were remitted to Claimant under the Workers' Compensation Act (WC Act)[2] from February 26, 2011 until June 3, 2012.

Further, the Stipulation provided that "a medical payment history revealed treatment billed as of [February 25, 2011] through and including payment remitted for dates of service occurring on [February 18, 2013]. The aggregate amount of medical benefits paid by Employer totaled $110,869.53." R.R. at 111a. Employer and Claimant also executed a Third Party Settlement Agreement calculation sheet which reflected that Employer was entitled to reimbursement of a net lien, calculated based upon the indemnity and medical benefits payable under the WC Act in the amount of $56,873.13 and $110,869.53, respectively. The accrued lien expense reimbursement rate was 19.2801%. The parties stipulated that the

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.4, 2501-2708.

accrued lien was $167,742.66, and did not include $37,293.51 which **Employer characterized** as Heart and Lung Act wage loss benefits.

On December 4, 2014, the WCJ issued his decision approving the Stipulation. On December 22, 2014, Claimant appealed to the Board, arguing that since all Employer provided benefits were paid pursuant to the Heart and Lung Act, Employer is not entitled to subrogation and, therefore, the Stipulation was contrary to *Stermel*. On November 3, 2015, the Board agreed, and reversed the WCJ's decision. Employer appealed to this Court.[3]

Employer first argues that the Board erred by finding that the parties were not bound by their Stipulation because notwithstanding Claimant's lack of knowledge, *Stermel* was decided before the Stipulation's execution. Although Claimant's execution of the Stipulation on November 19, 2014 occurred after *Stermel* was decided (on November 13, 2014), *Stermel* was decided **before** the WCJ issued his decision approving the Stipulation, and **before** the matter was appealed to the Board.

In *Cipcic v. Workers' Compensation Appeal Board (Consolidation Coal Co.),* 693 A.2d 1009 (Pa. Cmwlth. 1997), this Court was presented with the issue of whether the Board erred by retroactively applying *Republic Steel v. Workmen's Compensation Appeal Board (Petrisek),* 640 A.2d 1266 (Pa. 1994) (decided on April 22, 1994 which was after the WCJ's decision but before the Board's decision) to the claimant's case. The *Cipcic* Court held:

> '**It is well-settled that changes in decisional law which occur during litigation will be applied to cases pending on appeal**.' *M & D Auto Body v. Workmen's* [*Comp.*] *Appeal* [*Bd.*] *(John Pallott), . . .* 599 A.2d 1016, 1020 ([Pa.

---

[3] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Cmwlth.] 1991). . . . Further, where 'decisional law relies on a statutory interpretation which was not wholly without precedent, such decisions are treated as relating back to the original statute because they are nothing more than interpretations of existing legislation.' *Id.,* n.5. *Republic Steel* addressed the issue of whether benefits are available to a claimant under the provisions of the [WC] Act where a work-related disability has no effect upon earning power. This issue bore directly upon [the c]laimant's burden of proving his eligibility for benefits. Therefore, the Board did not err by applying the Supreme Court's interpretation of the [WC] Act in *Republic Steel* to the facts of this case, notwithstanding that *Republic Steel* was decided after the close of the record before the WCJ. . . . As noted by this Court, *Republic Steel* modified case law previously decided by this Court.

*Cipcic,* 693 A.2d at 1011 (emphasis added).

*Stermel* addressed the issue of whether Heart and Lung Act benefits are subject to subrogation, which bears directly upon the basis for the Stipulation before this Court. Notwithstanding that the Stipulation was executed after *Stermel* was decided, *Stermel* was decided **before** the WCJ's decision and the appeal to the Board. Accordingly, the Board did not err by applying *Stermel* to the case sub judice.

Employer next contends that the Board erred by reversing the WCJ's decision because it was not contrary to *Stermel's* holding. We disagree. The *Stermel* Court held that a city employer was not entitled to recover a portion of the Heart and Lung Act benefits it paid a police officer from the officer's third-party tort claim settlement. This holding was resultant of the Court's interpretation of the interplay between the Motor Vehicle Financial Responsibility Law (MVFRL)[4] and Act 44.[5]

The Court explained:

[T]he [MVFRL], . . . prohibits a plaintiff from including as an element of damages payments received in the form of

---

[4] 75 Pa.C.S. §§ 1701-1799.7.
[5] Act of July 2, 1993, P.L. 190, No. 44.

[WC] or other 'benefits paid or payable by a program . . . or other arrangement.' [Section 1720 of the MVFRL,] 75 Pa.C.S. § 1720. This language 'benefits paid or payable by a program' has been construed to include the program by which Heart and Lung [Act] benefits are paid. *Fulmer* [*v. Pa. State Police*], 647 A.2d [616,] 618-19 [(Pa. Cmwlth. 1994)]. Section 25(b) of Act 44 changed the Section 1720 [of the MVFRL] paradigm [] for [WC] benefits, [but] not Heart and Lung [Act] benefits. This means [a c]laimant continue[s] to be 'precluded' from recovering the amount of benefits paid under the Heart and Lung Act from the responsible tortfeasors. [Section 1722 of the MVFRL,] 75 Pa.C.S. § 1722. **There can be no subrogation out of an award that does not include these benefits**. Likewise, because **the tort recovery cannot, as a matter of law, include a loss of wages covered by Heart and Lung** [**Act**] **benefits**, [a c]laimant d[oes] not receive a double recovery of lost wages or medical bills.

*Stermel,* 103 A.3d at 885 (emphasis added). Further, Employer's argument that a portion of Claimant's Heart and Lung Act benefits were subject to subrogation because they were in fact WC benefits was expressly rejected by the *Stermel* Court in its discussion of the legislature's intent:

As our Supreme Court has explained, the legislature's rationale is irrelevant:

Significantly, the [MVFRL's] remedial scheme has become increasingly complicated, in light of the need to address premium costs while maintaining financial viability in the insurance industry. The Legislature has made numerous specific refinements impacting the competing, and legitimate, rights and interests of insurers, employers, and injured persons. In this landscape, where there are mixed policy considerations involved, *we decline to extend clear and specific refinements beyond their plain terms.*

*Oliver* [*v. City of Pittsburgh*], 11 A.3d [960,] 966 [(Pa. 2011)] (emphasis added). **By treating a portion of the Heart and Lung benefits as** [**WC**] **payments,** [**Employer**] **extended the legislature's 'specific refinements beyond their plain terms**.'

6

Only the legislature may undertake further refinements and eliminate the distinction between the self-insured public employer and the public employer who purchases an employer's liability policy of insurance. We must, therefore, [affirm] the Board.

*Stermel,* 103 A.3d at 885-86 (bold emphasis added).

Here, as in *Stermel*:

Section 1722 of the [MVFRL] did not allow Claimant to recover loss of wages from the tortfeasor defendants because they were covered by the Heart and Lung Act. The record does not disclose the elements of the $[1,070,000.00] Claimant received from the tortfeasor.[6] **As a matter of law, however**, **it was net of his Heart and Lung [Act] benefits**.

*Stermel,* 103 A.3d at 885. Accordingly, the Board's reversal of the WCJ's decision was not contrary to this Court's holding in *Stermel*.

Importantly, the *Stermel* Court *appears* to limit its holding to lost wages received under the Heart and Lung Act; however, a review of the record in *Stermel* reveals that both wage loss **and medical benefits** were at issue in that action. Further, the Heart and Lung Act clearly provides for medical expenses as well as wage loss. *See* Section 1 of the Heart and Lung Act (emphasis added) (pertaining to "**[a]ll medical and hospital bills**, incurred in connection with any such injury); *see also Oliver,* 11 A.3d at 966 (emphasis added) ("The design [of the Heart and Lung Act] is to ensure that, if . . . temporarily disabled in the performance of their duties, these critical-services personnel do not suffer salary losses **or incur the expense of medical care and treatment**.").

Although the NCP in the instant case stated that "[p]aid [s]alary continuation [was under the] Heart and Lung [Act,]" NCP at 2, because the Heart and Lung Act requires the payment of full salary **and** all medical expenses, *see* Section 1

---

[6] With the exception of the $200,000.00 attributed to loss of consortium.

of the Heart and Lung Act, self-insured employers paying Heart and Lung Act benefits issue an NCP only to acknowledge the work injury. *See Stermel*. Section 25(b) of Act 44 expressly states: "The provisions of [Sections 1720 and 1722 of the MVFRL,] 75 Pa.C.S. §§ 1720[,] 1722 are repealed insofar as they relate to [WC] payments or other benefits under the [WC] Act." Section 25(b) of Act 44 makes no distinction between wage loss or medical benefits. Here, because Claimant was a public safety employee, his benefits fall under the Heart and Lung Act. Thus, pursuant to Section 1720 of the MVFRL, Employer is not entitled to subrogation from Claimant's third-party recovery. Consequently, we are constrained to hold that Claimant's recovery under his Settlement Agreement is not subject to subrogation.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,     :
       Petitioner    :
             :
     v.        :
             :
Workers' Compensation Appeal   :
Board (Bushta),       :   No. 2426 C.D. 2015
       Respondent   :

## O R D E R

AND NOW, this 26th day of October, 2016, the Workers' Compensation Appeal Board's November 3, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge