IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Kenney, : 
        Petitioner : 
 : 
    v. : No. 845 C.D. 2018
 : Argued: June 5, 2019
Workers' Compensation Appeal Board : 
(Lower Pottsgrove Township and : 
DelawareValley Workers' : 
Compensation Trust), : 
        Respondents : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: August 2, 2019

James Kenney (Claimant), a police officer for Lower Pottsgrove Township (Employer), petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that reversed, in part, the decision of the Workers' Compensation Judge (WCJ). In so doing, the Board held that Delaware Valley Workers' Compensation Trust (Trust), a group self-insurance fund, was entitled to subrogate against Claimant's third-party tort recovery. Claimant argues that because he was paid only Heart and Lung benefits, the Trust had no right of subrogation. We reverse the Board.

**Background**

The facts of this case are not in dispute. On September 22, 2014, Claimant was injured in a work-related motor vehicle accident when his police cruiser was struck by another vehicle. Claimant was out of work until March 16, 2015, when he returned to light duty. He returned to full duty on July 25, 2015.

After his injury, the Trust issued a Notice of Compensation Payable (NCP) accepting liability for wage loss compensation in the amount of $932 per week. Reproduced Record at 226 (R.R. __). However, Employer continued to pay Claimant full wages. The Trust sent Claimant's workers' compensation disability checks to Employer, and Claimant signed them over to Employer. Employer did not advise Claimant that its payment of his full wages constituted Heart and Lung Act[1] benefits.

On January 21, 2015, a union member advised Claimant that he should apply for Heart and Lung benefits. Claimant did so on January 28, 2015, by emailing the police chief a document titled "Application for Heart and Lung Act Benefits." R.R. 230. By a letter dated March 2, 2015, Employer acknowledged receipt of Claimant's request for Heart and Lung benefits and "agreed to accept the claim in accordance with applicable law." R.R. 231. On April 9, 2015, Employer issued Claimant a check in the amount of $5,198.94 to reimburse him for taxes that had been deducted from his paychecks.[2]

Claimant filed a tort action against the driver of the vehicle involved in the accident. The Trust asserted a workers' compensation lien in the amount of $85,237.63, which was comprised of $25,375.86 in wage loss compensation and $59,861.77 in medical compensation.

On January 14, 2016, Employer filed a petition to review compensation, seeking a determination "with respect to Employer/Insurer's worker[s'] compensation lien rights." Certified Record (C.R.), Item No. 2, at 1. Claimant responded that he "has not settled any personal injury action against any third

---

[1] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§637-638.

[2] Heart and Lung benefits are not taxable.

party[,]" and, in any event, Employer cannot subrogate Heart and Lung benefits. C.R., Item No. 4, at 1. On June 1, 2016, Employer filed a second petition to review compensation benefits requesting a determination as to "whether benefits were properly paid under the Workers' Compensation Act[.[3]]" C.R., Item No. 6, at 1. Claimant responded that all benefits should have been paid pursuant to the Heart and Lung Act.

The WCJ consolidated Employer's petitions. Claimant presented his deposition testimony and a transcript of his testimony at a hearing before the Lower Pottsgrove Board of Commissioners[4] that established the above-recited facts. Employer presented the deposition testimony of Richard Lee, the administrator of the Trust, who explained the Trust and its operations.

Lee testified that the Trust was established by "a group of homogeneous employers to pool their liabilities [for] Workers' Compensation[.]" Notes of Testimony (N.T.), 9/13/2016, at 4-5; R.R. 323-24. The Trust is an approved group self-insurance fund that provides workers' compensation coverage to municipal employers, townships and boroughs. The Trust's premium rates are regulated by the Bureau of Workers' Compensation and are set at the level needed to cover all claims and expenses of the group. The Trust uses the same payroll classifications as the Pennsylvania Compensation Rating Bureau, which sets workers' compensation rates for the insurance industry. Lee stated that "excess funds that are not needed" are

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[4] On March 24, 2016, the Lower Pottsgrove Board of Commissioners held a public hearing regarding Claimant's Heart and Lung benefits application. The Board of Commissioners determined that it does not have subject matter jurisdiction to determine "whether benefits were, in fact, payable to [Claimant] under the Workers' Compensation Act[.]" Interlocutory Decision and Order, 7/5/2016 at 1; C.R., Item No. 25 at 1. Accordingly, the Board of Commissioners placed the matter "in abeyance pending determination by workers' compensation authorities, which the Board of Commissioners believe[s] is the proper venue and jurisdiction to address this claim." *Id.*

refunded by the Trust to members in various forms such as cash dividends or premium reductions. *Id.* at 11; R.R. 330.

According to Lee, a member of the Trust does not apply to the Bureau of Workers' Compensation to become an approved self-insurer; a member simply notifies the Bureau that it "has agreed to join [the] [T]rust." *Id.* at 10; R.R. 329. Each member has the right to appoint a trustee to the Trust's board of trustees, which further elects five executive committee members to "direct and operate" the Trust. *Id.* at 12; R.R. 331. Lee stated that subrogation "is referenced in the trust agreement as something that the [T]rust can pursue." *Id.* at 31; R.R. 350. Since its inception, the Trust has asserted workers' compensation lien rights "when appropriate[.]" *Id.* at 33; R.R. 352.

Employer also offered the deposition testimony of Linda Bengera, an employee of the Trust, who managed Claimant's workers' compensation claim. According to Bengera, the Trust paid wage loss and medical benefits to Claimant in accordance with the Workers' Compensation Act. The workers' compensation checks were set up on "auto pay" and sent to Employer because they "ha[d] something to do" with Claimant's Heart and Lung benefits. N.T., 4/13/2016, at 29-30; R.R. 299. The Trust's "protocol" is to send the checks to the employer. *Id.* at 30; R.R. 299.

The WCJ found the testimony of Claimant, Lee, and Bengera credible. The WCJ granted Employer's second review petition, concluding that Claimant's workers' compensation benefits were paid as required by the Workers' Compensation Act. The WCJ denied Employer's first review petition, concluding that Employer could not subrogate against Claimant's tort recovery. The WCJ reasoned Claimant received Heart and Lung benefits and, thus, could not plead those

4

benefits as an item of damages in his tort action. Accordingly, the Trust could not subrogate the same from Claimant's tort recovery. The WCJ held this outcome was required by this Court's holding in *Stermel v. Workers' Compensation Appeal Board (City of Philadelphia)*, 103 A.3d 876 (Pa. Cmwlth. 2014). The WCJ noted that Employer was not "a single self-insured entity" but, rather, a member of a self-insurance group fund. WCJ Decision at 7, Conclusion of Law No. 3; C.R., Item No. 10, at 7. Nevertheless, the WCJ concluded that this fact did not distinguish the present case from *Stermel*.

Employer appealed to the Board, arguing that the WCJ's reliance on *Stermel* was misplaced because Employer "has all of the attributes of an insured employer and none of the attributes of a self-insured." C.R., Item No. 11, at 1. Accordingly, Employer asserted that the Trust can subrogate its payment of workers' compensation benefits from Claimant's third-party tort recovery.

The Board affirmed the WCJ's decision granting Employer's second review petition but reversed the WCJ's decision on Employer's first review petition. The Board distinguished *Stermel,* which involved a self-insured employer that paid only Heart and Lung benefits. By contrast, the Trust, acting in the same manner as an insurance carrier, paid Claimant workers' compensation benefits that were "completely separate from [Employer's] payment of Heart and Lung benefits." Board Adjudication at 8; C.R., Item No. 15, at 10. The Board reasoned, "while [Employer] may not be eligible for subrogation in terms of its payment of Heart and Lung benefits, [the Trust] itself, acting as [Employer's] workers' compensation insurer, is entitled to subrogation in terms of the workers' compensation benefits it

paid under the [Workers' Compensation] Act." Board Adjudication at 7; C.R., Item No. 15, at 9. Claimant petitioned for this Court's review.[5]

## Appeal

On appeal, Claimant argues that the Board erred. He argues that under this Court's holding in *Stermel* and our Supreme Court's decision in *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 184 A.3d 958 (Pa. 2018) (*Bushta II*), neither Employer nor the Trust may seek subrogation against Claimant's third-party tort recovery. All indemnity and medical benefits were paid to Claimant under the Heart and Lung Act, and the Motor Vehicle Financial Responsibility Law[6] does not permit recovery of Heart and Lung benefits from the tortfeasor in a motor vehicle accident.

Employer responds that the Trust paid Claimant indemnity and medical benefits pursuant to the Workers' Compensation Act for which it is entitled to subrogation. Employer further argues that the Board correctly applied *Stermel*, in which this Court acknowledged that a "self-insured public employer" and a "public employer who purchases an employer's liability policy of insurance[]" will be treated differently in terms of subrogation. Employer Brief at 16 (quoting *Stermel*, 103 A.3d at 886). Employer points out that *Stermel* and *Bushta II* do not address whether a group self-insurance fund is entitled to assert a workers' compensation lien "for the workers' compensation benefits actually paid[.]" Employer Brief at 19. Employer asserts that the Trust's right to subrogation is "absolute" under Section

---

[5] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law[,] or whether necessary findings of fact are supported by substantial evidence." *City of Philadelphia v. Workers' Compensation Appeal Board (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

[6] 75 Pa. C.S. §§1701-1799.7.

6

319 of the Workers' Compensation Act, 77 P.S. §671. Employer Brief at 23 (quoting *Winfree v. Philadelphia Electric Company*, 554 A.2d 485 (Pa. 1989)).

**Analysis**

**I. Applicable Statutes**

We begin with a review of the Workers' Compensation Act, the Heart and Lung Act, and the Motor Vehicle Financial Responsibility Law. These statutes are dispositive of Claimant's appeal.

The Workers' Compensation Act entitles employees injured at work to be compensated for medical bills and lost wages. Wage loss compensation is capped at two-thirds of the pre-injury wages. Section 306(a) of the Workers' Compensation Act, 77 P.S. §511. Both public and private employers are subject to the requirements of the Workers' Compensation Act.

Section 1(a) of the Heart and Lung Act provides that police officers and other public safety employees temporarily disabled by a work injury will be paid their full salary until the incapacity has ceased, and "[a]ll medical and hospital bills [] incurred in connection with any such injury" shall be paid by their employer. 53 P.S. §637(a). This more favorable wage loss benefit assures "those undertaking dangerous employment in certain institutions that they will continue to receive full income when they are injured while performing their duties [and] by offering such assurance, the Commonwealth can attract employees to and keep them in the essential and dangerous jobs." *McWreath v. Department of Public Welfare*, 26 A.3d 1251, 1255 (Pa. Cmwlth. 2011). Police officers and public safety employees are also entitled to benefits under the Workers' Compensation Act; however, "any [workers' compensation benefits] received or collected by any such employe for such period [] shall be turned over to the [public employer] … and paid into the

7

treasury thereof[.]" 53 P.S. §637(a). Self-insured public employers that pay Heart and Lung benefits do not also make workers' compensation payments because they would simply be returned. *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 621 A.2d 1111, 1113 (Pa. Cmwlth. 1993).

When a compensable work injury has been caused by a third party, Section 319 of the Workers' Compensation Act gives the employer a right of subrogation against the employee's tort recovery. "Although the Heart and Lung Act contains no similar provision, it has been interpreted as providing employers with subrogation rights." *Commonwealth v. Workers' Compensation Appeal Board (Piree),* 182 A.3d 1082, 1087 (Pa. Cmwlth. 2018). The public policy for subrogation has been explained as follows:

> First, it prevents double recovery for the same injury by the claimant. Second, it prevents the employer from having to make compensation payments which resulted from the negligence of a third party. Finally, it prevents a third party from escaping liability for his negligence.

*Murphy v. Workers' Compensation Appeal Board (City of Philadelphia)*, 871 A.2d 312, 317 (Pa. Cmwlth. 2005).

However, where the compensable injury is the result of a motor vehicle accident, a public employer's right of subrogation is governed by Section 1720 of the Motor Vehicle Financial Responsibility Law, which provides:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other

8

arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa. C.S. §1720. Relatedly, Section 1722 provides:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa. C.S. §1722. In Act 44 of 1993, the Legislature repealed Sections 1720 and 1722 insofar as they pertained to workers' compensation benefits, thereby authorizing subrogation of these benefit payments. *See* Act of July 2, 1993, P.L. 190, No. 44, §25(b) (Act 44).[7] By contrast, Act 44 did not repeal the statutory prohibition against subrogation with respect to Heart and Lung benefits. *See Oliver v. City of Pittsburgh*, 11 A.3d 960, 966 (Pa. 2011). In *Heller v. Pennsylvania League of Cities and Municipalities*, 32 A.3d 1213, 1227 (Pa. 2011), our Supreme Court explained that the purpose of Act 44 was to transfer costs associated with work-related automobile accidents from the workers' compensation system back to the automobile insurance market. However, "Act 44 did not shift responsibility for Heart and Lung benefits, which remain with the employer." *Stermel*, 103 A.3d at 885.

---

[7] Act 44 provides, "The provisions of 75 Pa. C.S. §§1720 and 1722 are repealed insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act." Act of July 2, 1993, P.L. 190, No. 44, §25(b).

## II. Subrogation by Trust

The Board held that the Trust paid wage and medical benefits as workers' compensation benefits and, thus, was entitled to subrogation under Section 319 of the Workers' Compensation Act. The Board held that the Trust was entitled to recover these payments from the tortfeasor, as can any insurance carrier. Claimant argues that the Board erred because the manner by which the public employer chooses to fund its liability to injured employees is irrelevant. Simply, a public employer may not seek subrogation against the tort recovery of a public safety employee who is injured in a work-related automobile accident.

In *Stermel*, 103 A.3d 876, the claimant, a Philadelphia police officer, suffered a work-related injury that rendered him temporarily unable to work. The employer, the City of Philadelphia, issued an NCP acknowledging the employer's liability for claimant's workers' compensation but also stating that "[c]laimant received salary continuation in lieu of PA [w]orkers' compensation for [the] period of lost time under the City of Philadelphia's Heart and Lung Act." *Id.* at 881. The employer subsequently sought subrogation of its workers' compensation wage and medical payments from the claimant's third-party tort recovery. The Board ruled that the employer was entitled to subrogation, holding that "two-thirds of the Heart and Lung disability benefits paid [to the claimant] represented workers' compensation benefits." *Id.* This Court reversed the Board.

This Court explained that the anti-subrogation provision in Section 1720 of the Motor Vehicle Financial Responsibility Law has been construed to include benefits paid under the Heart and Lung Act. *Stermel*, 103 A.3d at 885. Although Act 44 repealed both Sections 1720 and 1722 insofar as they pertained to subrogation of benefits under the Workers' Compensation Act, the legislature did

not repeal the prohibition against subrogation of Heart and Lung benefits. Accordingly, Section 1722 precluded the claimant "from recovering the amount of benefits paid under the Heart and Lung Act from the responsible tortfeasors[]" and there can be no subrogation out of an award that does not include these benefits as an item of damages. *Stermel*, 103 A.3d at 885.

Thereafter, this Court decided *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 149 A.3d 118 (Pa. Cmwlth. 2016) (*Bushta I*), *affirmed*, 184 A.3d 958 (Pa. 2018), which concerned a state trooper injured in a work-related motor vehicle accident. The parties stipulated that the self-insured employer, the Pennsylvania State Police, had paid benefits under both the Workers' Compensation Act and the Heart and Lung Act. However, the employer's third-party administrator made the workers' compensation payments directly to the employer. The Pennsylvania State Police asserted that "a portion of [c]laimant's Heart and Lung Act benefits were subject to subrogation because they were in fact [workers' compensation] benefits[.]" *Id.* at 122. This Court disagreed.

We held that under *Stermel*, the employer was not entitled to subrogation of the lost wages paid to the claimant under the Heart and Lung Act. To treat "a portion of the Heart and Lung benefits as [workers' compensation] payments, [the employer] extended the legislature's 'specific refinements beyond their plain terms.'" *Id.* (quoting *Stermel*, 103 A.3d at 886) (emphasis omitted). Additionally, this Court recognized that the Heart and Lung Act provides both wage loss and medical benefits, as does the Workers' Compensation Act. We held that the employer could not recover from the claimant's settlement with the third-party tortfeasor any portion of the medical or wage loss benefits it paid to the claimant under the Heart and Lung Act.

11

On further appeal, our Supreme Court affirmed. The Supreme Court observed that, as in *Stermel*, the claimant in *Bushta I* could not include his lost wages and medical benefits as an item of damages under Section 1722 of the Motor Vehicle Financial Responsibility Law. The Supreme Court concluded, "agree[ing] with the *Stermel* court[,]" that subrogation of Heart and Lung benefits is barred. *Bushta II*, 184 A.3d at 968. The Supreme Court rejected the employer's argument that because of the NCP, the claimant's benefits must be considered, at least in part, workers' compensation benefits. The Supreme Court held that the "mere acknowledgement in an NCP of a work injury, and the specification of the amount of benefits to which an injured employee would be entitled under the [Workers' Compensation Act]," does not "transform[] an injured employee's Heart and Lung benefits into [workers' compensation] benefits under the [Motor Vehicle Financial Responsibility Law]." *Bushta II*, 184 A.3d at 969.

Likewise, the Supreme Court rejected the argument that the employer's use of the repricing formula set forth in the Workers' Compensation Act made the Heart and Lung medical payments workers' compensation. The Supreme Court again emphasized that because medical care is required under the Heart and Lung Act, those payments constitute Heart and Lung Act benefits, regardless of the pricing scheme used.

Our recent decision in *DeHoratius v. Workers' Compensation Appeal Board (Upper Darby Township)*, 187 A.3d 273 (Pa. Cmwlth. 2017), *appeal denied*, 187 A.3d 911 (Pa. 2018), is also instructive. There the self-insured public employer set up two separate funds, one for Heart and Lung benefits and the other for workers' compensation benefits. The employer acknowledged that it was not entitled to subrogation for Heart and Lung benefits, but it claimed that it could seek subrogation

12

for benefits paid out of its workers' compensation fund. We rejected the argument that the employer's "method of separating the Heart and Lung benefits from the [workers' compensation] benefits" entitled it to subrogation of the latter. 187 A.3d at 276.

Here, Employer took pains at the WCJ hearing to establish that the Trust cannot be distinguished from a commercial insurance carrier providing workers' compensation coverage. It did so because *Stermel* suggested that commercial carriers, unlike self-insured employers, may be able to seek subrogation of compensation payments made to an employer. Notably, Claimant agrees that the Trust is, for all intents and purposes, an insurance company. The question, then, is whether that fact changes the outcome, as the Board believed. We conclude that it does not.

The Trust issued an NCP accepting liability for Claimant's injury, and it remitted workers' compensation indemnity payments to Claimant that were signed over to Employer. Claimant did not actually collect any workers' compensation benefits, only Heart and Lung benefits, and there is no opportunity for double recovery by Claimant. This is because Claimant is "precluded from recovering the amount of benefits *paid or payable*" under the Heart and Lung Act from the responsible tortfeasor. 75 Pa. C.S. §1722 (emphasis added). As a corollary, "[t]here can be no subrogation out of an award that does not include these benefits." *Stermel*, 103 A.3d at 885. This rule was followed by the Supreme Court in *Bushta II,* 184 A.3d at 968.

It is irrelevant that the Trust paid workers' compensation benefits to Employer, as this Court recently explained:

> It is the nature of the benefits for which subrogation is sought, *i.e.*, are they Heart and Lung benefits or workers' compensation

13

benefits, that is critical to the determination of whether a right of subrogation exists, not who is paying the benefits or whether the benefits are being paid from a "separate account."

*City of Philadelphia v. Nancy Dugan* (Pa. Cmwlth., No. 479 C.D. 2017, filed December 7, 2018), slip op. at 15 (unreported).[8] Under *Stermel* and *Bushta II,* the Trust cannot subrogate against Claimant's third-party recovery.

## Conclusion

For all these reasons, we hold that the Trust is not entitled to subrogation for the payments it made to Claimant pursuant to Sections 1720 and 1722 of the Motor Vehicle Financial Responsibility Law. We reverse the Board's order insofar as it reversed the WCJ's decision that denied Employer's petition to review compensation benefits requesting a determination regarding subrogation rights.

_____
MARY HANNAH LEAVITT, President Judge

---

[8] An unreported memorandum opinion of this Court may be cited "for its persuasive value," but "not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Kenney, : 
           Petitioner :
: 
           v. : No. 845 C.D. 2018
: 
Workers' Compensation Appeal Board : 
(Lower Pottsgrove Township and : 
DelawareValley Workers' : 
Compensation Trust), : 
           Respondents :

# **O R D E R**

AND NOW, this 2nd day of August, 2019, the order of the Workers' Compensation Appeal Board (Board) in the above-captioned matter dated May 31, 2018, is REVERSED insofar as it held the Delaware Valley Workers' Compensation Trust was entitled to subrogate against Petitioner James Kenney's third-party tort recovery. The Board's order is otherwise AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge