IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Heugel,                          :
             Petitioner            :
                                     :
                                     :     No. 703 C.D. 2016
             v.                              :
                                     :     Argued:  December 15, 2016
Workers' Compensation            :
Appeal Board (U.S. Airways),      :
             Respondent        :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED:  January 12, 2017

Peter Heugel (Claimant) petitions for review of the April 26, 2016 order of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ) granting the modification petition of U.S. Airways, Inc. (Employer) based upon an impairment rating evaluation (IRE).

**Facts and Procedural History**

On January 10, 2004, Claimant sustained injuries when he slipped and fell in the course of his employment as a mechanic with Employer.  Employer acknowledged that Claimant sustained a left knee medial meniscal tear and prepared an agreement for compensation.  However, Claimant refused to sign the

agreement due to a dispute regarding the extent/severity of his injuries. Claimant proceeded to file a claim petition alleging injuries to his left knee and low back. Employer filed an answer denying the allegations of Claimant's petition, as well as a petition for termination/suspension alleging that Claimant had fully recovered from any injuries as of May 27, 2005. The WCJ treated Claimant's claim petition as a petition to review compensation benefits and granted the same. Claimant's work injury was modified to include not only a left knee meniscal tear, but also a tear in the left anterior cruciate ligament and an aggravation of pre-existing disc herniations at L3, L4, and L5, which required surgery on February 8, 2005. The WCJ dismissed Employer's termination/suspension petition. (WCJ's Findings of Fact Nos. 1-4.)

On January 6, 2011, Employer filed a request for designation of a physician to perform an IRE. Claimant objected noting that he lived in Indiana and had difficulty in the past arranging transportation to Pennsylvania for independent medical examinations and surgeries. Nevertheless, Claimant proposed three physicians that would be acceptable to him to conduct the IRE. Following several email exchanges and an inability to agree upon a physician, the Bureau of Workers' Compensation designated Dr. Michael Jurenovich to perform the IRE, but Claimant refused to attend. Employer thereafter filed a petition to compel physical examination. By order dated December 13, 2011, the WCJ granted Employer's petition. Claimant appealed to the Board, which affirmed. Claimant's subsequent appeals to this Court and our Supreme Court were denied. (WCJ's Findings of Fact No. 5.)

On May 21, 2012, Claimant underwent an IRE with Dr. Arnold Berman, a board-certified orthopedic surgeon.[1] Dr. Berman is listed on the Pennsylvania Department of Labor and Industry's "IRE Physicians Listing" and is certified to perform IREs under the 5th and 6th Editions of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*). After examining Claimant, Dr. Berman concluded that Claimant had reached maximum medical improvement (MMI) and that his whole person impairment was 8%. (WCJ's Findings of Fact Nos. 6-7.) In his testimony, Dr. Berman specifically testified, "This report . . . refers to the AMA Guide, sixth edition, and everything refers to the AMA Guide, sixth edition. . . ." (Reproduced Record (R.R.) at 103.)

On September 18, 2012, Employer filed a modification petition seeking to change Claimant's disability from total to partial and to limit Claimant's indemnity benefits to 500 weeks based upon the IRE. The petition was assigned to a WCJ, who conducted hearings. At these hearings, Claimant objected to Dr. Berman's qualifications to conduct an IRE and his use of the 6th Edition of the *Guides*, and questioned whether Employer had submitted documentary evidence of his receipt of 104 weeks of total disability benefits. Claimant further complained that Dr. Berman did not review or discuss a magnetic resonance imaging (MRI) that was performed on May 15, 2012, a week before Dr. Berman's IRE. Claimant testified that he had five surgeries on his lower back, the most recent on October 27, 2012, which was five months after Dr. Berman's examination. Claimant feels that he has deteriorated further since the last surgery. (R.R. at 188-189.)

---

[1] The parties agreed to have Dr. Berman perform the IRE in Philadelphia rather than have Dr. Jurenovich perform it in Greenville.

3

By decision circulated July 14, 2015, the WCJ granted Employer's modification petition, thereby modifying Claimant's benefits from total to partial and imposing a limit on the same of 500 weeks. In rendering his decision, the WCJ found Dr. Berman's opinion that Claimant had reached MMI and had a whole-body impairment of 8% as credible and persuasive. The WCJ noted that Claimant did not offer any medical testimony or evidence to dispute Dr. Berman's findings. Claimant appealed to the Board, but the Board affirmed, acknowledging Dr. Berman's use of the Sixth Edition but declining to allow Claimant to argue the precedent of *Protz v. Workers' Compensation Appeal Board (Derry Area School District),* 124 A.3d 406 (Pa. Cmwlth. 2015), *appeal granted,* 133 A.3d 733 (Pa. 2016) because he had not advanced those arguments previously.

## Discussion

On appeal to this Court,[2] Claimant advances a broad argument that argues that use of the *Guides* is an unconstitutional delegation of authority and is fraught with inconsistencies and errors in its application. Claimant also raises the following specific errors by the WCJ and/or the Board:

> 1. The timing of the Employer's request for the IRE was possibly premature (Claimant alleges there was no direct evidence of his receipt of 104 weeks of total disability benefits);

[2] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006). Because an error of law is alleged, our standard of review is plenary. *Leon E. Wintermyer, Inc., v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478 (Pa. 2002).

2. Use of the Sixth Edition of the *Guides* was improper under *Protz v. Workers' Compensation Appeal Board (Derry Area School District),* 124 A.3d 406 (Pa. Cmwlth. 2015), *appeal granted,* 133 A.3d 733 (Pa. 2016);[3]

3. The WCJ and Board misunderstood the difference between a physician's qualifications and the duty of the Department of Labor and Industry to approve physicians to perform IREs;

4. Dr. Berman, the WCJ, and the Board did not apply the term "permanency" properly;

5. The WCJ failed to issue a reasoned decision as required by Section 422(a) of the Act[4], 77 P.S. §834; and,

6. "Current case law regarding designation of an IRE physician is in error."

Employer generally contests Claimant's arguments, but focuses upon an allegation that applying *Protz* herein would involve an improper, retroactive application of the holding in that case, without citing any precedent for the proposition. Further, even if *Protz* should be applied here, Employer argues that Claimant never objected with adequate specificity so that any such objection relating to *Protz* is waived. Indeed, we will focus on this issue as it is dispositive in this case.

---

[3] Our decision in *Protz* was issued subsequent to the WCJ's decision in this matter and while Claimant's appeal was pending before the Board.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834.

5

**Waiver**

During the litigation, Claimant objected to the testimony by Dr. Berman, challenging the entire IRE process during Dr. Berman's deposition (R.R. at 79), in an e-mail to defense counsel dated September 9, 2014 (R.R. at 248), and in a letter to the WCJ dated October 28, 2014 (R.R. at 251-53). Additionally, during Dr. Berman's deposition, Claimant's counsel objected to the use of the idea of MMI without tying it to any finding of permanency (R.R. at 104-05). The deposition exhibits included Dr. Berman's IRE report, which did include findings of both permanency of disability and MMI (R.R. at 173.). The exhibits were offered at the deposition over objection of Claimant's counsel (R.R. at 116.).

However, in his decision, the WCJ acknowledged that Claimant had raised "several objections to Dr. Berman's qualifications and testimony," but without specifying the objections. (R.R. at 286.) Claimant filed a timely appeal to the Board, challenging, *inter alia*, Dr. Berman's alleged conflation of MMI and permanency, as well as the WCJ's Conclusion of Law No. 2, applying the results of the IRE to the Claimant. (R.R. at 291.) Moreover, Claimant filed a Supplemental Brief with the Board which specifically challenged the constitutionality and validity of Section 306(a.2) based on this Court's decision in *Protz*, but the Board rejected Claimant's challenge on this issue as untimely. (R.R. at 297.)

In his appeal to this Court, Claimant articulated the issues on appeal, as noted above, which included an overall challenge to IREs along with a specific challenge to the WCJ reaching a finding of MMI without any specific finding of permanency. (R.R. at 313-15). Normally, failure to raise an issue at all stages of

6

the proceeding constitutes waiver because precedent "is clear…that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa.2001). Significant exceptions, however, exist and do apply here.

For example, section 703(a) of the Administrative Agency Law provides, in pertinent part, that "[a] party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal . . . ." 2 Pa.C.S. §703(a). Moreover, Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part, as follows:

> No question shall be heard or considered by the court which was not raised before the government unit except:
>
> (1)   Questions involving the validity of a statute.
>
> (2)   Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3)   Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.

Pa.R.A.P. 1551(a)(1)-(3).

Because (1) this matter began before the decision in *Protz*, (2) this appeal involves the validity of a statute, and, (3) Claimant raised this at the first opportunity to do so, i.e., on appeal to this Court, the issue is not waived.

## Applying *Protz*

As a threshold matter, Employer disputes whether the holding in *Protz* may be applied to the case at bar. It is axiomatic, however, "that changes in decisional law which occur during litigation will be applied to cases pending on appeal." *Cipcic v. Workmen's Compensation Appeal Board (Consolidation Coal Co.)*. 693 A.2d 1009, 1011 (Pa. Cmwlth. 1997) (citing *M&D Auto Body v. Workmen's Compensation Appeal Board (Pallott)*, 599 A.2d 1016, 1020 (Pa. Cmwlth. 1991), *appeal denied*, 615 A.2d 1314 (Pa. 1992)).

In this case, there is no dispute that Dr. Berman used the Sixth Edition of the *Guides* in his assessment findings and conclusions. However, in *Protz*, this Court specifically "declare[d] Section 306(a.2) of the Act 77 P.S. §511.2, an unconstitutional delegation of legislative authority insofar as it proactively approved versions of the AMA *Guides* beyond the Fourth Edition. . . ." 124 A.3d at 416. Thus, Claimant is correct insofar as he argues that the WCJ erred in relying on the testimony of Dr. Berman, which testimony was premised on the Sixth Edition of the *Guides*, to support a modification of his benefits.

8

## Conclusion

Consistent with *Protz*, because there is no evidence that Dr. Berman was trained or certified for the Fourth Edition of the *Guides* and there was undisputed evidence that he did not apply the Fourth Edition in the present IRE, his testimony cannot support a modification of Claimant's benefits from total to partial.

Accordingly, the Board's order is vacated and this matter is remanded to the Board with instruction to remand to the WCJ to determine if the Fourth Edition and the Sixth Edition of the AMA *Guides* are different with respect to the injuries at issue and, if so, receive testimony as to the impairment rating based on the Fourth Edition of the AMA *Guides*.[5]

_____
PATRICIA A. McCULLOUGH, Judge


Judge Hearthway did not participate in this decision.

---

[5] Given our disposition above, we need not address Claimant's remaining arguments on appeal.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Heugel,                           :
                    Petitioner          :
                                        :        No. 703 C.D. 2016
            v.                          :
                                        :
Workers' Compensation                   :
Appeal Board (U.S. Airways),            :
                    Respondent          :

# **ORDER**

AND NOW, this 12th day of January, 2017, the order of the Workers' Compensation Appeal Board (Board), dated April 26, 2016, is hereby vacated and this matter is remanded to the Board with instruction to remand to the Workers' Compensation Judge to determine if the Fourth Edition and the Sixth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA *Guides)* are different with respect to the injuries at issue and, if so, receive testimony as to the impairment rating based on the Fourth Edition of the AMA *Guides*.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge