Michael DeHoratius,          :
            Petitioner     :
                                :
          v.               :
                                :
Workers' Compensation Appeal     :
Board (Upper Darby Township),     :  No. 1901 C.D. 2016
            Respondent   :  Submitted: May 5, 2017


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: August 8, 2017


Michael DeHoratius (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 8, 2016 order affirming the Workers' Compensation Judge's (WCJ) decision granting Upper Darby Township's (Employer) Petition for Modification of WC Benefits (Modification Petition) and Petition for Suspension of WC Benefits (Suspension Petition), and directing Claimant to pay $5,137.83 from his third-party recovery in order to satisfy Employer's subrogation lien. The sole issue before the Court is whether Employer is entitled to subrogation of Claimant's third-party recovery. After review, we reverse in part.

Claimant is employed as a patrol officer in Employer's police department. On November 30, 2013, Claimant was injured as a result of a work-related motor vehicle accident that occurred while Claimant was on duty and driving Employer's police vehicle. Employer issued a Notice of Temporary Compensation

Payable (NTCP), thereby accepting Claimant's injury as compensable. The NTCP converted to a Notice of Compensation Payable (NCP) by operation of law. Claimant returned to work on January 10, 2014 with no loss in earnings. Employer is self-insured for Heart and Lung and WC benefits and has a separate account for each. For his period of disability, Claimant was paid benefits totaling $9,110.47 under what is commonly referred to as the Heart and Lung Act.[1] Employer also paid WC indemnity benefits pursuant to the NCP. Claimant signed the WC indemnity checks and returned them to Employer as required by law. In addition, Employer paid medical benefits for Claimant's work injury under the NCP.

As a result of the November 30, 2013 work injury, Claimant filed a claim against a third-party motor vehicle policy. Claimant also made a claim against Employer's insurance policy for underinsured motorist benefits (UIM policy). Claimant settled these claims for $50,000.00. However, to obtain the settlement, Claimant incurred $16,601.42 in attorney fees and $195.85 in associated costs. Therefore, Claimant's net third-party recovery was $33,202.73.

On January 13, 2015, Employer filed its Modification and Suspension Petitions, wherein it alleged that Claimant had returned to work and Employer was seeking subrogation reimbursement from Claimant's third-party recovery. The WCJ held hearings on February 2 and June 8, 2015. On September 22, 2015, the WCJ granted Employer's Petitions and ordered Claimant to pay Employer $5,137.83 to satisfy Employer's subrogation lien. Claimant appealed to the Board. On November 8, 2016, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[2]

---

[1] Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637-38.

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Initially, Section 1(a) of the Heart and Lung Act provides that a police officer injured in the performance of his duties and temporarily incapacitated from performing his duties by that injury, "**shall be paid**" his full rate of salary until the incapacity has ceased, as well as **"[a]ll medical and hospital bills**[] incurred in connection with any such injury[.]" 53 P.S. § 637(a) (emphasis added). Further, "**any** [**WC benefits**] **received or collected by any such employe for such period**[] **shall be turned over** to the. . . township . . . ." *Id.* (emphasis added).

Employer does not dispute that it is not entitled to subrogation for the lost wages Claimant received under the Heart and Lung Act. However, Employer contends that, since it paid Claimant indemnity and medical benefits from its WC account, it is entitled to subrogation from Claimant's third-party recovery for those benefits. Claimant argues that because he was entitled to Heart and Lung Act benefits, it is irrelevant that Employer chose to pay Claimant's benefits from its WC account.[3] We agree.

This Court addressed a similar argument in *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta),* 149 A.3d 118 (Pa. Cmwlth. 2016), *appeal granted,* (Pa. No. 483 WAL 2016, filed April 18, 2017), 2017 WL 1397531, wherein, the employer maintained that it was entitled to subrogation because a portion of the claimant's benefits were paid out of WC. The *Bushta* Court held:

> Although the NCP in the instant case stated that '[p]aid [s]alary continuation [was under the] Heart and Lung [Act,]' NCP at 2, because the Heart and Lung Act **requires**

---

[3] Employer rejoins that Claimant waived this issue by not raising it before the Board. However, in his appeal to the Board, Claimant expressly provided: "Finding 9(f) is a conclusion of law which we disagree with (see below)." Reproduced Record (R.R.) at 24a. Finding 9(f) states: "Employer is entitled to a subrogation recovery against Claimant's third[-]party settlements." R.R. at 20a. In his appeal to the Board, Claimant expounded: "[Employer] alleges that [it] paid medical bills from a [WC] account when [it] should have paid from their Heart and Lung [Act] account. . . ." R.R. at 24a. Based on the record, we hold that Claimant properly preserved this issue before the Board.

3

the payment of full salary **and** all medical expenses, *see* Section 1 of the Heart and Lung Act, self-insured employers paying Heart and Lung Act benefits issue an NCP only to acknowledge the work injury. *See Stermel* [*v. Workers' Comp. Appeal Bd. (City of Phila.),* 103 A.3d 876 (Pa. Cmwlth. 2014)]. Section 25(b) of Act 44[4] expressly states: 'The provisions of [Sections 1720 and 1722 of the Motor Vehicle Financial Responsibility Law (MVFRL),[5]] 75 Pa.C.S. §§ 1720[,] 1722 are repealed insofar as they relate to [WC] payments or other benefits under the [WC] Act.'[6] **Section 25(b) of Act 44 makes no distinction between wage loss or medical benefits**. Here, **because [the c]laimant was a public safety employee, his benefits fall under the Heart and Lung Act. Thus, pursuant to Section 1720 of the MVFRL, [the e]mployer is not entitled to subrogation from [the c]laimant's third-party recovery**. Consequently, we are constrained to hold that [the c]laimant's recovery . . . is not subject to subrogation.

*Bushta,* 149 A.3d at 122-23 (emphasis added). Employer responds that because the NCP issued to Claimant did not reference the Heart and Lung Act and because Employer kept the salary payments (under Heart and Lung Act benefits) separate from medical benefits (under WC Act benefits), this case is distinguishable from both *Stermel* and *Bushta.* However, the Court in neither decision relied on the wording of the NCP to make its determination. In both cases, the employers were self-insured and argued that because they treated the medical payments as WC, they were entitled to subrogation.

The Court in both decisions rejected this argument on the basis that the employers were going beyond the MVFRL by treating Heart and Lung Act benefits as WC benefits when the Heart and Lung Act specifically encompasses wages and medical benefits. It appears Employer is seeking to use its accounting method of

---

[4] Act of July 2, 1993, P.L. 190, No. 44.

[5] 75 Pa.C.S. §§ 1701-1799.7.

[6] Section 1720 of the MVFRL prohibited a plaintiff from including as an element of damages WC or other benefits paid, which included Heart and Lung Act benefits. Section 1722 of the MVFRL did not allow Claimant to recover loss of wages covered by the Heart and Lung Act.

4

separating the Heart and Lung benefits from the WC benefits as the basis to establish subrogation rights. However, the Heart and Lung Act expressly provides for wages and medical benefits, and, therefore, both are statutorily "require[d;]" thus, Employer's separate WC account does not entitle it to subrogation under the WC Act. *Bushta,* 149 A.3d at 122; *see also* 53 P.S. § 637(a). This fact is especially true here, where Employer required Claimant to endorse his WC checks to Employer. Contrary to Employer's argument, Employer appears to be the party seeking double recovery by requesting subrogation of these same payments. Accordingly, we hold that Claimant's third-party recovery is not subject to subrogation.

For all of the above reasons, the portion of the Board's order directing Claimant to pay Employer $5,137.83 to satisfy Employer's subrogation lien is reversed. The portion of the Board's order granting Employer's Petitions is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael DeHoratius,                          :
                          Petitioner          :
                                              :
              v.                              :
                                              :
Workers' Compensation Appeal                 :
Board (Upper Darby Township),                :     No. 1901 C.D. 2016
                          Respondent          :

## O R D E R

AND NOW, this 8th day of August, 2017, the portion of the Workers' Compensation (WC) Appeal Board's (Board) November 8, 2016 order affirming the Workers' Compensation Judge's decision granting Upper Darby Township's (Employer) Petition for Modification of WC Benefits and Petition for Suspension of WC Benefits is affirmed. The portion of the Board's order directing Claimant to pay $5,137.83 from his third-party recovery in order to satisfy Employer's subrogation lien is reversed.

_____
ANNE E. COVEY, Judge