# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upper Darby Township,                        :
                           Petitioner        :
                                             :
        v.                                   :    No. 647 C.D. 2018
                                             :    Submitted: August 31, 2018
Workers' Compensation Appeal                 :
Board (Dockery),                             :
                           Respondent        :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                        FILED: October 11, 2018

        Upper Darby Township (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that reversed a Workers' Compensation Judge's (WCJ) decision granting Employer's modification petition and directing Michael Dockery (Claimant) to pay $16,106.26 from his third-party recovery in order to satisfy Employer's subrogation lien. Employer argues the Board erred in reversing the WCJ's decision and in determining Employer was not entitled to subrogation. Upon review, we affirm.

## I. Background
## A. WCJ Proceedings

        Before the WCJ, the parties stipulated to the following facts. Claimant worked for Employer as a police officer for 11 years. In December 2015, Claimant was injured in the performance of his duties. Specifically, Claimant suffered an injury when, during the course of a traffic stop, the driver of a motor vehicle drove

away running over Claimant's foot. Employer issued a notice of temporary compensation payable (NTCP), which identified the injury as a right foot contusion. The NTCP converted into a notice of compensation payable (NCP) by operation of law.

Claimant was totally disabled as a result of his work injury during four periods between December 2015 and December 2016. He returned to his full-duty position on December 14, 2016, with no loss in earnings.

Employer paid Claimant benefits pursuant to the statute commonly known as the Heart and Lung Act[1] (HLA) for his periods of disability. These benefits totaled $50,443.52. Pursuant to the NCP, Employer's claims administrator issued payments covering indemnity benefits for Claimant's periods of disability, which totaled $27,443.14. Additionally, as a result of his injury, Claimant incurred medical expenses of $27,904.71, which Employer's claims administrator paid pursuant to the NCP. Employer asserted a total workers' compensation lien in the amount of $55,347.85.[2]

In connection with his work injury, Claimant made a claim against a third-party tortfeasor. Claimant recovered $25,000 from the third party. In order to

---

[1] Act of June 28, 1935, P.L. 477, as amended, 53 P.S. §§637-638.

[2] Recently, in Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats), 186 A.3d 947, 949 (Pa. 2018), our Supreme Court held that "when [a claimant] recovers proceeds from a third-party settlement … the employer … is limited to drawing down against that recovery only to the extent that future disability benefits [(and not medical expenses)] are payable to the claimant." (Emphasis added.)

obtain this recovery, Claimant paid $8,750 in attorney fees as well as $143.74 in costs. As such, Claimant's net third-party recovery was $16,106.26.

In December 2016, Employer filed a modification petition, seeking subrogation reimbursement for Claimant's third-party recovery.[3] Claimant filed an answer. Hearings ensued before a WCJ.

Before the WCJ, in addition to the joint stipulation of facts, Employer presented the deposition testimony of Amy Favretto, its Assistant Director of Human Resources (Employer's Representative). Employer's Representative explained the manner in which she processes workers' compensation claims. She testified Employer is self-insured for purposes of workers' compensation. Employer's Representative receives the injury report, which she forwards to Employer's third-party administrator for workers' compensation, A.J. Gallagher. She also retains doctors' notes and forwards copies to the third-party administrator as well. If an injured employee misses work for an extended period, she receives the payment check in the office and contacts the employee regarding the check.

Employer's Representative explained that Claimant received his full salary under the HLA. She testified that A.J. Gallagher sends a separate workers' compensation check. Employer's Representative explained that the workers' compensation check is sent to Employer's Representative's office and the injured employee is contacted to sign the check over to Employer. Employer's Representative testified Employer contacted Claimant when Employer received the

_____

[3] Employer also filed a termination petition, which, by agreement of the parties, the WCJ dismissed as moot. Employer's termination petition is not at issue in this appeal.

3

workers' compensation check payable to Claimant, and Claimant endorsed the check to Employer. She explained that the workers' compensation checks are paid out of Employer's funds, but the checks are actually written by A.J. Gallagher. Employer's Representative also testified HLA benefits are paid from a different account than workers' compensation benefits. She explained that HLA checks are paid through the payroll department and workers' compensation checks are paid using the workers' compensation account through Employer's Human Resources Office. Employer's Representative also confirmed that an injured employee's medical bills are processed for payment by A.J. Gallagher. Additionally, Employer's Representative identified an exhibit, which was the compensation report from Employer's payroll department identifying payments Claimant received for the periods he was out of work. The line for disability payments identified the HLA benefits paid directly to Claimant. Employer's Representative testified that no taxes are deducted from HLA benefits.

On cross-examination, Employer's Representative admitted that under the HLA, Employer is required to pay full medical benefits for a claimant's injury and his full salary. Employer's Representative identified a letter from A.J. Gallagher to Claimant's third-party attorney indicating that as of December 15, 2016, $28,899.71 was paid on Claimant's behalf in workers' compensation indemnity benefits and $26,153.66 was paid in workers' compensation medical benefits for Claimant's injury. Employer's Representative was unsure as to why an injured worker's medical benefits were paid out of the workers' compensation account and not paid out of the account from which HLA benefits were paid. She also explained that, after an injured worker comes in to Employer's office to endorse a workers'

4

compensation check, it is deposited into the workers' compensation account, which is the same account on which the checks were drawn. The WCJ accepted Employer's Representative's credible, unrebutted testimony as fact.

## B. WCJ's Decision

The WCJ found that Employer paid Claimant indemnity benefits under the HLA for his work injury as required by the HLA. Further, Employer issued an NCP and checks were issued for workers' compensation indemnity benefits payable to Claimant, but sent to Employer's Representative. As required by Section 1(a) of the HLA, 53 P.S. §637(a), Claimant endorsed those checks to Employer.

The WCJ further stated that, because Claimant's injury was caused by the actions of a third-party and involved a motor vehicle, his injury fell under the Motor Vehicle Financial Responsibility Law (MVFRL).[4] The WCJ determined the benefits Employer paid to Claimant under the HLA, his full salary, were not subject to subrogation under the MVFRL. However, the WCJ stated, Employer sought subrogation for the amount of compensation paid to Claimant under the Workers' Compensation Act.[5]

The WCJ explained that the HLA provides police officers and other public safety employees, who are temporarily unable to perform their duties because of a work injury, their full salary. The WCJ further stated an injured officer cannot simultaneously receive and retain HLA benefits and workers' compensation

---

[4] 75 Pa. C.S. §§1701-1799.7.

[5] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4, 2501-2708.

5

benefits. Specifically, under the HLA, any workers' compensation indemnity benefits received by a police officer collecting HLA benefits must be turned over to the public employer. 53 P.S. §637(a). The WCJ explained that where the injury to the police officer is caused by the actions of a third party arising from a motor vehicle accident, the public employer has a right of subrogation against the third-party recovery for the amount of workers' compensation benefits paid to the officer. However, the public employer has no right to subrogation against the third-party recovery for any amount of HLA benefits paid to the officer. Oliver v. City of Pittsburgh, 11 A.3d 960 (Pa. 2011).

According to the WCJ, Claimant argued that because he received his full wages under the HLA, there was no wage loss. Thus, no workers' compensation indemnity check should have been issued. However, the WCJ explained, an employer is statutorily obligated to pay workers' compensation benefits. The WCJ stated that Employer issued an NCP, and Claimant lost time from work. The WCJ stated that payment of HLA benefits does not relieve an employer from its obligations under the Workers' Compensation Act. Here, the WCJ stated, Claimant suffered a work injury and was legally entitled to benefits under the Workers' Compensation Act. The WCJ explained Employer was required to pay workers' compensation benefits, and it issued checks. Additionally, the HLA contemplates payment of both HLA and workers' compensation benefits, and it directs the manner in which workers' compensation benefits are returned to an employer. Thus, the WCJ rejected Claimant's argument.

The WCJ also noted Claimant's argument that payment of workers' compensation benefits by Employer in addition to benefits under the HLA was made so that Employer could claim subrogation against the third party under the MVFRL. Acknowledging there can be no subrogation under the MVFRL for HLA benefits, the third-party administrator wrote Claimant a check from Employer's workers' compensation account, sent it to Employer's Representative, Claimant endorsed the check to Employer, and Employer redeposited it into its workers' compensation account. Essentially, Claimant argued, this was a ruse to obtain subrogation. However, the WCJ stated, the stipulated facts revealed that Claimant received both indemnity benefits under the HLA and the Workers' Compensation Act. As such, the WCJ explained, Employer was entitled to subrogation in the amount of benefits paid under the Workers' Compensation Act. The WCJ distinguished this case from Oliver and Stermel v. Workers' Compensation Appeal Board (City of Philadelphia), 103 A.3d 876 (Pa. Cmwlth. 2014), on the ground that, in those cases, the employers made no actual workers' compensation payments to the claimants.

In addition, the WCJ rejected Claimant's argument that Employer was not entitled to subrogation for the medical benefits paid on Claimant's behalf under the Workers' Compensation Act on the ground that those benefits were required to be paid and should have been paid under the HLA. To that end, the WCJ determined that benefits paid under the Workers' Compensation Act could not be reclassified as HLA benefits to deny subrogation. Rather, the WCJ stated, payment of medical benefits under the Workers' Compensation Act subjected those benefits to subrogation under the MVFRL.

7

For these reasons, the WCJ determined Employer was entitled to subrogation in the amount of $16,106.26 against Claimant's third-party recovery. Thus, the WCJ granted Employer's modification petition, and the WCJ ordered Claimant to pay Employer $16,106.26 from his third-party recovery. Claimant appealed.

### C. Board's Decision

On appeal, the Board reversed. In so doing, the Board agreed with Claimant that the WCJ erred in failing to apply controlling precedent. It stated:

> In [Oliver], our Supreme Court concluded that benefits paid under the [HLA] to a claimant injured in a work-related automobile accident were not made subject to subrogation by Act 44.[3] The Commonwealth Court in [Stermel], explained that self-insured public employers who [sic] pay [HLA] benefits issue an NCP to acknowledge the injury but do not make workers' compensation payments, as the workers' compensation payments would simply be returned as required by the [HLA]. [HLA] benefits are still treated differently than workers' compensation benefits with respect to subrogation from a third-party recovery arising from a motor vehicle accident, notwithstanding the adverse effect on self-insured public employers. [Stermel, 103 A.3d] at 884.
>
> The interplay between the MVFRL and Act 44 was further discussed in Pennsylvania State Police v. [Workers' Compensation Appeal Board (Bushta), 149 A.3d 118 (Pa. Cmwlth. 2016), aff'd, 184 A.3d 958 (Pa. 2018)]. The court there explained that the Stermel court rejected the employer's contention that a portion of the claimant's [HLA] benefits were subject to subrogation because the MVFRL does not allow a plaintiff to include, as an element of damages, either lost wages or medical benefits paid under the [HLA]. Because the third-party

8

recovery cannot include those damages, there can be no subrogation.[4]

> The Bushta court was very clear in including medical benefits with salary continuation benefits as [HLA] benefits, not subject to subrogation. …

> Recently, in DeHoratius v. [Workers' Compensation Appeal Board (Upper Darby Township), 187 A.3d 273 (Pa. Cmwlth. 2017), appeal denied, 187 A.3d 911 (Pa. 2018)], the Court reviewed the Board's order in a matter factually indistinguishable from the present matter. There, as here, [Employer] argued that because the NCP did not specify that [HLA] payments were being made in lieu of workers' compensation payments, and the workers' compensation payments were made from a separate account, it was entitled to subrogate against a third-party recovery. The WCJ granted [Employer's] petition and the Board affirmed.

> The Commonwealth Court reversed, citing Stermel and Bushta, and rejecting [Employer's] contention that its internal accounting method preserves its right of subrogation against a third-party recovery. …

> Consequently, the WCJ erred by recognizing [Employer's] asserted right of subrogation against Claimant's third-party recovery.

>> [3] Act of July 2, 1993, P.L. 190, No. 44.

>> [4] Subrogation is the right of one who has paid an obligation which should have been paid by another to be indemnified by the other. Olin Corp. (Plastics Div.) v. [Workmen's Comp. Appeal Bd. (Lawrence)], 324 A.3d 813 (Pa. Cmwlth. 1974).

Bd. Op., 4/12/18, at 2-4. Thus, the Board determined the WCJ erred in granting Employer's modification petition. As such, it reversed the WCJ's determination that

Employer was entitled to subrogation in the amount of $16,106.26 against Claimant's third-party recovery. Employer now petitions for review to this Court.

## II. Discussion
## A. Contentions

On appeal,[6] Employer argues the Board erred in reversing the WCJ's decision granting Employer's modification petition based on its determination that this case was controlled by Stermel and Bushta. It asserts this case is factually distinguishable from those cases.

Employer contends it took steps to separate its payment obligations under the HLA and the Workers' Compensation Act. Moreover, Employer maintains, it did not, like the employers in Stermel and Bushta, issue an NCP that addressed the HLA or indicate that payments under the HLA were in lieu of workers' compensation payments so as to conflate its two payment obligations. Based on these distinctions, Employer argues Stermel and Bushta are not controlling. Thus, it asserts, the Board erred in reversing the WCJ's decision.

Claimant responds that the Board did not err in reversing the WCJ's order granting Employer's modification petition, which sought subrogation for the amount of its workers' compensation payments of indemnity and medical benefits against Claimant's third-party recovery. Claimant argues the Board correctly

---

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law and whether necessary findings of fact were supported by substantial evidence. Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.), 176 A.3d 1045 (Pa. Cmwlth.) (en banc), appeal denied, ___A.3d ___(Pa., No. 52 WAL 2018, filed July 16, 2018).

concluded that the WCJ failed to apply controlling authority as set forth in Bushta, Stermel, and DeHoratius. Claimant asserts those decisions consistently hold that a public employer, whether self-insured or insured, is obligated under the HLA to provide wage continuation and medical benefits to injured police officers.

Further, Claimant contends, although Employer kept its payments of workers' compensation indemnity and medical benefits separate from its payments of HLA wage benefits, those payments are subsumed into his HLA benefits, which Employer was required to provide. Therefore, Claimant maintains, the self-insured public employer here did not possess a right of subrogation for workers' compensation indemnity and medical benefits issued as a result of Claimant's injury and resulting disability arising from a work-related motor vehicle accident. Claimant argues the Act 44 amendments to the MVFRL, while authorizing a public employer's right of subrogation for workers' compensation benefits, did not extend that authority to required HLA wage and medical benefits.

### B. Analysis

Initially, Section 1(a) of the [HLA] provides that a police officer injured in the performance of his duties and temporarily incapacitated from performing his duties by that injury, "shall be paid" his full rate of salary until the incapacity has ceased, as well as "[a]ll medical and hospital bills, incurred in connection with any such injury[.]' 53 P.S. § 637(a) (emphasis added). Additionally, "any work[ers'] compensation benefits received or collected by any such employe for such period, shall be turned over to the … township …." Id. (emphasis added).

11

A little over a year ago, in <u>DeHoratius</u>, which involved the same employer and virtually identical facts to those presented here, this Court rejected Employer's argument that it was entitled to subrogation of the claimant's third-party recovery. We stated:

> Employer does not dispute that it is not entitled to subrogation for the lost wages [the] [c]laimant received under the [HLA]. However, Employer contends that, since it paid [the] [c]laimant indemnity and medical benefits from its [workers' compensation] account, it is entitled to subrogation from [the] [c]laimant's third-party recovery for those benefits. [The] [c]laimant argues that because he was entitled to [HLA] benefits, it is irrelevant that Employer chose to pay [the] [c]laimant's benefits from its [workers' compensation] account.
>
> This Court addressed a similar argument in [<u>Bushta</u>], wherein, the employer maintained that it was entitled to subrogation because a portion of the claimant's benefits were paid out of [workers' compensation]. The <u>Bushta</u> Court held:
>
>> Although the NCP in the instant case stated that '[p]aid [s]alary continuation [was under the] [HLA]' NCP at 2, because the [HLA] <u>requires</u> the payment of full salary <u>and</u> all medical expenses, <u>see</u> Section 1 of the [HLA], self-insured employers paying [HLA] benefits issue an NCP only to acknowledge the work injury. <u>See</u> [<u>Stermel</u>]. Section 25(b) of Act 44[4] expressly states: 'The provisions of [Sections 1720 and 1722 of the [MVFRL],[5] 75 Pa. C.S. §§ 1720[,] 1722 are repealed insofar as they relate to [workers' compensation] payments or other benefits under the [Workers' Compensation Act.]'[6] Section 25(b) of Act 44 makes no distinction between wage loss or medical benefits. Here, because [the [c]laimant was a public safety employee, his benefits fall under the [HLA]. Thus, pursuant to Section 1720 of the MVFRL, [the e]mployer is not entitled to

12

subrogation from [the c]laimant's third-party recovery. Consequently, we are constrained to hold that [the c]laimant's recovery … is not subject to subrogation.

Bushta, 149 A.3d at 122-23 (emphasis added). Employer responds that because the NCP issued to [the] [c]laimant did not reference the [HLA] and because Employer kept the salary payments (under [HLA] benefits) separate from medical benefits (under [Workers' Compensation] Act benefits), this case is distinguishable from both Stermel and Bushta. However, the Court in neither decision relied on the wording of the NCP to make its determination. In both cases, the employers were self-insured and argued that because they treated the medical payments as [workers' compensation], they were entitled to subrogation.

The Court in both decisions rejected this argument on the basis that the employers were going beyond the MVFRL by treating [HLA] benefits as [workers' compensation] benefits when the [HLA] specifically encompasses wages and medical benefits. It appears Employer is seeking to use its accounting method of separating the [HLA] benefits from the [workers' compensation] benefits as the basis to establish subrogation rights. However, the [HLA] expressly provides for wages and medical benefits, and, therefore, both are statutorily 'require[d;]' thus, Employer's separate [workers' compensation] account does not entitle it to subrogation under the [Workers' Compensation] Act. Bushta, 149 A.3d at 122; see also 53 P.S. §637(a). This fact is especially true here, where Employer required [the] [c]laimant to endorse his [workers' compensation] checks to Employer. Contrary to Employer's argument, Employer appears to be the party seeking double recovery by requesting subrogation of these same payments. Accordingly, we hold that [the] [c]laimant's third-party recovery is not subject to subrogation.

[4] Act of July 2, 1993, P.L. 190, No. 44.

[5] 75 Pa. C.S. §§1701-1799.7.

13

⁶ Section 1720 of the MVFRL prohibited a plaintiff from including as an element of damages [workers' compensation] or other benefits paid, which included [HLA] benefits. Section 1722 of the MVFRL did not allow [the] [c]laimant to recover loss of wages covered by the [HLA].

DeHoratius, 187 A.3d at 275-76. The same reasoning applies equally here. Therefore, based on DeHoratius, the Board properly determined Employer was not entitled to subrogation of Claimant's third-party recovery here.⁷

This result is supported by our Supreme Court's affirmance of this Court's decision in Bushta, which was rendered after this Court's decision in DeHoratius. In our underlying decision in Bushta, we applied our holding in Stermel. In Bushta, our Supreme Court considered whether the Pennsylvania State Police, which is self-insured, was entitled to subrogation to the extent of compensation payable pursuant to the Workers' Compensation Act where it had concurrent obligations to the injured employee under both the Workers' Compensation Act and the HLA. Our Supreme Court acknowledged its prior holding that a claimant may be entitled to benefits for concurrent employment under the Workers' Compensation Act while also receiving HLA benefits. Id. at 966 (discussing City of Erie v. Workers' Comp. Appeal Bd. (Annunziata), 838 A.2d 598 (Pa. 2003), holding a police officer injured on duty could receive HLA benefits and workers' compensation benefits for wages he lost as a part-time security guard

⁷ Nevertheless, Employer asserts "DeHoratius v. [Workers' Compensation Appeal Board (Upper Darby Township), 187 A.3d 273 (Pa. Cmwlth. 2017), appeal denied, 187 A.3d 911 (Pa. 2018)] is … not controlling because it is not clear that the argument made by Employer, i.e. regarding the separate nature of its payment obligations, was fully considered as the basis for the DeHoratius holding." Pet'r's Br. at 20. Contrary to Employer's present assertions, it raised the same argument in DeHoratius, and this Court rejected that argument. Thereafter, the Supreme Court denied Employer's petition for allowance of appeal. As such, Employer's argument fails.

14

because of his work injury). However, our Supreme Court cautioned that, while a claimant who is receiving HLA benefits may seek and receive workers' compensation benefits for concurrent employment, the HLA requires the claimant to remit to his employer all workers' compensation benefits received or collected. Thus, our Supreme Court held, if the claimant does not actually receive or collect workers' compensation benefits, there is no basis for subrogation.[8]

Here, Employer paid Claimant HLA benefits during the periods in which Claimant was temporarily disabled by his work injury. See Stipulation of Fact ¶9; Reproduced Record (R.R.) at 68a. However, Claimant did not *actually receive or collect* any workers' compensation benefits; rather, Employer required him to endorse all of his workers' compensation checks to Employer. R.R. at 25a-27a, 48a-51a. Indeed, Employer concedes this point. Pet'r's Br. at 18. Therefore, there is no basis for subrogation.

For all of the foregoing reasons, we affirm the Board.

---

[8] Further, the Court "agreed with the Stermel court that, for purposes of the MVFRL, [HLA] benefits subsume [Workers' Compensation Act] benefits, and thus subrogation of such benefits is barred." Pa. State Police v. Workers' Comp. Appeal Bd. (Bushta), 184 A.3d 958, 968 (Pa. 2018). Moreover, the Court found "no basis upon which to conclude that a mere acknowledgement in an NCP of a work injury, and the specification of the amount of benefits to which an injured employee would be entitled under the [Workers' Compensation Act], transforms an injured employee's [HLA] benefits into [Workers' Compensation Act] benefits under the MVFRL." Id. at 969.

In addition, our Supreme Court rejected the employer's argument that, because the claimant's medical bills were paid using the "re-pricing" formula contained in the Workers' Compensation Act, those medical payments constituted compensation payable under the Workers' Compensation Act. Id. at 969. Because payment of the claimant's medical care and treatment is required under the HLA, the Court explained, those payments constituted an HLA benefit, regardless of the pricing scheme used.

_____
ROBERT SIMPSON, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upper Darby Township, : 
                 Petitioner : 
                  : 
       v. :   No. 647 C.D. 2018
                  : 
Workers' Compensation Appeal : 
Board (Dockery), : 
              Respondent : 

# **O R D E R**

**AND NOW**, this 11th day of October, 2018, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge